**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Derek J. Haynes, SBN 264621
Drew M. Tate, SBN 312219
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF SUTTER, SUSAN REDFORD, and TONY HOBSON

Ben J. Galante, SBN 231394
GALANTE LAW INC.
2181 E. Foothill Blvd., Suite 101
Pasadena, CA 91107
*Attorneys for Plaintiffs*
MARTIN JOHN and WILLIAM MYERS

Rahul Sethi, SBN 238405
SETHI LAW FIRM
811 Wilshire Blvd., Suite 1050
Los Angeles, CA 90017
*Attorneys for Plaintiffs*
MARTIN JOHN and WILLIAM MYERS

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN JOHN and WILLIAM MYERS, | CASE NO. 2:16-cv-02241-MCE-AC |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| COUNTY OF SUTTER, SUSAN REDFORD, TONY HOBSON, and DOES 1 through 20, Inclusive, | Amended Complaint Filed: 10/20/2016 Complaint Filed: 09/21/2016 |
| Defendants. | |

///

///

{01701568.DOCX}                             1
STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL, PROPRIETARY, AND PRIVATE INFORMATION

### 1. PURPOSE AND LIMITATIONS

Defendants have requested that Plaintiffs MARTIN JOHN and WILLIAM MYERS (collectively "Plaintiffs") sign authorizations permitting the release of their psychiatric records to defense counsel. Those records contain confidential and private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does <u>not</u> confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends <u>only</u> to the limited information or items that are entitled to confidential treatment under Fed. R. Civ. P. 26(c).

Specifically, the parties in this action, in good faith, believe that Plaintiffs' psychiatric records contain information that is (a) confidential, sensitive, or potentially invasive of their privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

In light of the sensitive nature of the documents potentially to be disclosed and the strong presumption against disclosure of such information pursuant to the applicable federal and state privacy laws, the parties hereby request that any such disclosure be governed by a court-ordered protective order. The parties believe a court order, not a private agreement, properly facilitates the limited disclosure of such documents while protecting them from general disclosure.

The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; E.D. Cal. L.R. 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

### 2. DEFINITIONS

2.1   <u>Challenging Party</u>: a Party to this litigation that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or "CONFIDENTIAL" Item: Plaintiff's psychiatric records which qualify for protection under Fed. R. Civ. P. 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party to this litigation that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure Material or Discovery Material: any item or information that is produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party to this litigation or its Counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party: any Party to this litigation, including its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staff).

2.11    Producing Party: a Party to this litigation that produces Disclosure Material or Discovery Material in this action.

2.12    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure Material or Discovery Material that is designated as "CONFIDENTIAL" by a Producing Party.

2.14   Receiving Party: a Party to this litigation that receives Disclosure Material or Discovery Material.

**3.   SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Plaintiffs' psychiatric records, but also (1) any information copied or extracted from those materials; (2) copies, excerpts, summaries, or compilations of those materials; and (3) any testimony, conversations, or presentations by a Party or their Counsel that might reveal protected information regarding those materials.

The protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; or (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   DURATION**

The confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (a) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   Exercise of Restraint and Care in Designating Material for Protection: Each Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualify under Fed. R. Civ. P. 26(c). The Designating Party must designate for protection only those parts of material, documents,

items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

A party may only designate as "CONFIDENTIAL" Information or Items which it has determined in good faith to be sufficient to justify the Court's entry of a protective order pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 141.1.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be without substantial justification or that have been made for an improper purpose (e.g., to impose unnecessary expenses and burdens on other parties) shall subject the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, Disclosure Material or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly designated before the material is disclosed or produced. In the absence of substantial unfairness, economic burden, or a significant disruption or delay of the litigation, a Party does not waive its right to designate material as "CONFIDENTIAL" by not doing so before disclosure or production upon a showing of reasonable cause.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pre-trial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and

produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party shall identify the protected portion(s).

5.3     <u>Non-Designation</u>: A Party's non-designation of any information or item implies that it is not Protected Material.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>: Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Timing of Motion for Protective Order</u>: Within seven calendar days of a Challenging Party's challenge to the Producing Party's designation, the Producing Party must move for a protective order pursuant to E.D. Cal. L.R. 251, if it seeks to maintain the Protected

Material's designation as "CONFIDENTIAL" and subject to this Stipulated Protective Order. If the Producing Party fails to move for a protective order within the specific seven calendar days, the Producing Party automatically waives each challenged Protected Material's designation as "CONFIDENTIAL" and subject to this Stipulated Protective Order.

  6.3 <u>Judicial Intervention</u>: If the Parties cannot resolve a challenge without Court intervention, the Producing Party's motion for protective order must be accompanied by a competent declaration affirming that the movant has complied with this Stipulated Protective Order. Nothing in Stipulated Protective Order precludes a Challenging Party from filing a separate or parallel motion challenging a confidentiality designation at any time, if there is good cause for doing so.

  Nothing in this Stipulated Protective Order changes or modifies the Designating Party's burden of persuasion or substantive or procedural obligation in any such confidentiality challenge proceeding, pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 141.1. Unless the Designating Party has waived the confidentiality designation by failing to file a motion for protective order, as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

  7.1 <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed or produced in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. Such material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

  7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

  (a) the Receiving Party's Counsel of Record in this action;

(b) the officers, directors, and employees/staff of the Receiving Party;

(c) Experts of the Receiving Party;

(d) the Court and its personnel;

(e) Court reporters and their employees/staff, professional jury or trial consultants, mock jurors, and Professional Vendors;

(f) witnesses in the action, during their deposition, unless otherwise agreed by the Designating Party or ordered by the Court; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**IT IS SO STIPULATED:**

Dated: July 20, 2017          PORTER SCOTT
                              A PROFESSIONAL CORPORATION

                              By:_____
                              Carl L. Fessenden
                              Derek J. Haynes
                              Drew M. Tate
                              Attorneys for Defendants,
                              COUNTY OF SUTTER, SUSAN REDFORD,
                              and TONY HOBSON

Dated: July 20, 2017   GALANTE LAW INC.

                              By:_____
                              Ben J. Galante
                              Attorney for Plaintiff

Dated: July 20, 2017   SETHI LAW FIRM

                              By:_____
                              Rahul Sethi
                              Attorney for Plaintiff

IT IS SO ORDERED.
Dated: July 20, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE