Ben Galante (SBN 231394)
GALANTE LAW, INC.
2181 E. Foothill Blvd., Suite 101
Pasadena, California 91107
T: (213) 785-1900
E: ben@galantelaw.com

Rahul Sethi (SBN 238405)
SETHI LAW FIRM
5015 Eagle Rock Blvd., Suite 202
Los Angeles, California 90041
T: (213) 254-2454
E: rsethi@sethilawfirm.com

Attorneys for Plaintiff, MARTIN JOHN and WILLIAM MYERS

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN JOHN and WILLIAM MYERS,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF SUTTER, SUSAN REDFORD, TONY HOBSON, and DOES 1 through 20, Inclusive;<br><br>　　　　Defendants. | Case No.: 2:16-cv-02241-MCE-AC<br><br>**FIRST SUPPLEMENTAL COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |

Plaintiffs Martin John and William Myers hereby allege the following facts:

FIRST SUPPLEMENTAL COMPLAINT

## PARTIES

1. Plaintiff Martin John ("John") is, and at all relevant times mentioned herein, was an individual residing in Sutter County.

2. Plaintiff William Myers ("Myers") is, and at all relevant times mentioned herein, was an individual residing in Sutter County.

3. Myers and John are collectively referred to hereinafter as "Plaintiffs."

4. Defendant County of Sutter ("the County") is, and at all relevant times mentioned herein, was public entity duly organized and existing as such under California law.

5. Defendant Susan Redford ("Redford") is, and at all relevant times mentioned herein, was an employee of the County, and plaintiffs' supervisor at the mental health clinic in Yuba City. Plaintiffs are informed and believe and thereon allege Redford is, and at all relevant times mentioned herein, was a resident of Yuba County.

6. Defendant Tony Hobson ("Hobson") is, and at all relevant times mentioned herein, was an employee of the County, and plaintiffs' supervisor at the mental health clinic in Yuba City. Plaintiffs are informed and believe and thereon allege Redford is, and at all relevant times mentioned herein, was a resident of Yuba County.

7. Plaintiff is ignorant of the true names and capacities of the Defendants sued as DOES 1 through 20, inclusive, and therefore sue said defendants by those fictitious names. Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the unlawful actions, policies and practices alleged in this Complaint.

8. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, Defendants, and each of them, were the agents, servants, employees, partners, joint-venturers, joint-employers or co-conspirators of each other defendant, and that each defendant was acting within the course, scope and authority of such agency, employment, partnership, joint venture or conspiracy, and that each defendant, directly or indirectly, authorized,

- 2 -

ratified and approved the acts of the remaining defendants, and each of them.

## JURISDICTION AND VENUE

9.  Plaintiffs' causes of action for Failure to Engage in Timely Good Faith Interactive Process in Violation of Government Code § 12940(n) and Failure to Provide a Reasonable Accommodation in Violation of Government Code § 12940(m) are supplemental claims to the federal question claims for gender based discrimination in violation of the Fourteenth Amendment's Equal Protection Clause, cognizable under 42 U.S.C. § 1983 state in the Plaintiff's First Amended Complaint. The jurisdiction of this Court is based on federal question jurisdiction, 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10.  The adverse employment actions, events, and/or omissions that give rise to Plaintiffs' claims occurred in Yuba and Sutter Counties.  Venue is proper according to 28 U.S.C. § 1391.

11.  This lawsuit is already pending before this Court.

## GENERAL ALLEGATIONS

12.  The County operates and manages Sutter-Yuba-Bi-County Mental Health Services, which provides mental health services to local residents in Sutter and Yuba Counties.  The County owns and operates a clinic in Yuba City (the "Clinic").

13.  Plaintiffs worked at the County's Clinic in Yuba City.  Plaintiffs have worked as crisis counselors for the County for many years.  At all relevant times mentioned herein, Plaintiffs ably and adequately performed their job duties.

14.  Plaintiffs suffered physical and emotional injuries as a result of the dangerous and unsafe work conditions.

15.  Myers suffered a torn meniscus and back and neck injuries, which limit major life activities including performing manual tasks, walking, standing, lifting, and bending.

16.  John suffered injuries to his neck, shoulder, hands, and/or wrists, which limit major life activities including performing manual tasks and lifting.

17.  Both Plaintiffs suffer from anxiety, depression, and PTSD, which limit major life

activities including eating, sleeping, concentrating, thinking, and communicating.

18. On or about February 22, 2016, Plaintiffs contend the County constructively discharged Plaintiffs' employment.

19. On or about August 10, 2016, Plaintiffs sent to the County doctor's notes and requests for reasonable accommodations.

20. On or about September 21, 2016, Plaintiffs filed this instant lawsuit against Defendants. On or about October 20, 2016, Plaintiffs filed a First Amended Complaint. On or about November 3, 2016, Defendants filed an Answer to the First Amended Complaint.

## NEW RELEVANT FACTS ALLEGED

21. On or about May 23, 2017, the County took the position in its responses to discovery that Plaintiffs were still employed by the County.

22. Given that the County has asserted that Plaintiffs are still in its employ, it has had a duty to engage in a timely good faith interactive process with Plaintiffs and a duty to reasonably accommodate Plaintiffs.

23. These duties arise from the laws stated in California's Fair Employment and Housing Act, Government Code § 12940 *et seq*.

24. Although the County is taking the position that Plaintiffs are its employees, the County, for the period from the filing of the First Amended Complaint (and prior) to mid June 2017, failed to communicate with Plaintiffs to engage in the interactive process and determine potential reasonable accommodations for Plaintiffs.

25. Plaintiffs contend a failure to communicate with them about the interactive process and reasonable accommodations for a period greater than 8 months constitutes violations of the County's duties under the Fair Employment and Housing Act.

26. On or about June 18, 2017, Plaintiffs exhausted administrative remedies by timely filing a complaints of discrimination with the Department of Fair Employment & Housing and obtaining a Right-to-Sue letters.  True and correct copies of these complaints of discrimination and Right-to-Sue letters are attached hereto as Exhibit A.

## ELEVENTH CAUSE OF ACTION
Failure to Provide a Reasonable Accommodation in Violation of Government Code § 12940(m)
(Plaintiffs against County of Sutter)

27. Plaintiffs re-allege and incorporate by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

28. *Government Code* § 12940(m) provides that it is an unlawful employment practice for an employer to fail to make a reasonable accommodation for the known physical or mental disabilities of an employee.

29. At all times relevant herein, Myers was a qualified individual with actual and/or perceived past and future physical disabilities including, but not limited to, a torn meniscus and back and neck injuries. Despite his disabilities and/or perceived disabilities, Myers was able to perform the essential functions of his position with or without reasonable accommodations.

30. At all times relevant herein, John was a qualified individual with actual and/or perceived past and future physical disabilities including, but not limited to, injuries to his neck, shoulder, hands, and/or wrists. Despite his disabilities and/or perceived disabilities, John was able to perform the essential functions of his position with or without reasonable accommodations.

31. Both Plaintiffs suffer from psychological disabilities, including anxiety, depression, and PTSD, which limit major life activities including eating, sleeping, concentrating, thinking, and communicating.

32. At all times relevant herein, the County was aware of Plaintiffs' disabilities and/or perceived them as disabled and knew that, despite their actual and/or perceived disabilities, Plaintiffs could perform the essential functions of their job with or without reasonable accommodations.

33. On or about August 10, 2016, Plaintiffs requested reasonable accommodations from the County and sought to engage in the interactive process. The reasonable accommodations sought included having the County cease its requirement that Plaintiffs go "hands on" with violent clients, a mobile panic button, and other security features that would have made the workplace

safer. Plaintiffs are informed and believe and thereon allege the accommodations sought would not have caused an undue hardship to the County.

34. The County failed to provide or address in any manner whatsoever, the requests for reasonable accommodations made by Plaintiffs, and failed to provide Plaintiffs with any reasonable accommodations.

35. As a proximate result, Plaintiffs have suffered general damages including mental anguish and emotional suffering in an amount in excess of the minimum jurisdiction of the court and according to proof.

36. As a further proximate result, Plaintiffs have suffered special damages including a loss of tangible employment benefits including lost wages and benefits in an amount in excess of the minimum jurisdiction of the court and according to proof.

37. As a result of the County's conduct, Plaintiffs have been required to retain the services of counsel. Pursuant to *Government Code* § 12965(b), they are entitled to an award of attorneys' fees and costs.

## TWELFTH CAUSE OF ACTION
Failure to Engage in a Good Faith Interactive Process in Violation of Gov't Code 12940(n)
(Plaintiffs against County of Sutter)

38. Plaintiffs re-allege and incorporate by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

39. At all times relevant herein, pursuant to *Government Code* § 12940(n), the County had a mandatory duty to engage in a timely, good faith interactive process with Plaintiffs to determine effective reasonable accommodations, if any, in response to Plaintiffs' requests for reasonable accommodations.

40. At all times relevant herein, Myers was a qualified individual with actual and/or perceived past and future physical disabilities including, but not limited to, a torn meniscus and back and neck injuries. Despite his disabilities and/or perceived disabilities, Myers was able to perform the essential functions of his position with or without reasonable accommodations.

41. At all times relevant herein, John was a qualified individual with actual and/or perceived past and future physical disabilities including, but not limited to, injuries to his neck, shoulder, hands, and/or wrists. Despite his disabilities and/or perceived disabilities, John was able to perform the essential functions of his position with or without reasonable accommodations.

42. Both Plaintiffs suffer from psychological disabilities, including anxiety, depression, and PTSD, which limit major life activities including eating, sleeping, concentrating, thinking, and communicating.

43. At all times relevant herein, the County was aware of Plaintiffs' disabilities and/or perceived them as disabled and knew that, despite their actual and/or perceived disabilities, Plaintiffs could perform the essential functions of their job with or without reasonable accommodations.

44. On or about August 10, 2016, Plaintiffs requested reasonable accommodations from the County and sought to engage in the interactive process. The reasonable accommodations sought included having the County cease its requirement that Plaintiffs go "hands on" with violent clients, a mobile panic button, and other security features that would have made the workplace safer. Plaintiffs are informed and believe and thereon allege the accommodations sought would not have caused an undue hardship to the County.

45. The County failed to provide or address in any manner whatsoever, the requests for reasonable accommodations made by Plaintiffs.

46. At all relevant times, Plaintiffs were willing to participate in an interactive process to determine whether reasonable accommodations could be made so that they would be able to perform the essential job requirements, but the County failed to participate in a timely good faith interactive process with Plaintiffs to determine whether reasonable accommodations could be made.

47. As a proximate result, Plaintiffs have suffered general damages including mental anguish and emotional suffering in an amount in excess of the minimum jurisdiction of the court and according to proof.

48. As a further proximate result, Plaintiffs have suffered special damages including a loss of tangible employment benefits including lost wages and benefits in an amount in excess of the minimum jurisdiction of the court and according to proof.

49. As a result of the County's conduct, Plaintiffs have been required to retain the services of counsel. Pursuant to *Government Code* § 12965(b), they are entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages, including prejudgment interest, in an amount to be proven at trial.

2. For statutory attorneys' fees and costs pursuant to Government Code § 12965(b).

3. For declaratory relief that Defendant violated California's Fair Employment and Housing Act.

4. For injunctive relief prohibiting Defendant from continuing to violate California's Fair Employment and Housing Act.

5. Any other relief or damages allowed by law, or statutes not set out above and such further relief as the Court deems just and proper at conclusion of trial.

Dated: August 29, 2017

GALANTE LAW, INC.
SETHI LAW FIRM

By: _____
Ben J. Galante
Rahul Sethi

Attorneys for Plaintiffs
MARTIN JOHN and WILLIAM MYERS

## DEMAND FOR JURY TRIAL

Plaintiffs Martin John and William Myers hereby demand trial by jury.

Dated: August 29, 2017

GALANTE LAW, INC.
SETHI LAW FIRM

By: /s/ 
Ben J. Galante
Rahul Sethi

Attorneys for Plaintiffs
MARTIN JOHN and WILLIAM MYERS

- 9 -

FIRST SUPPLEMENTAL COMPLAINT

**EXHIBIT "A"**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency    GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

June 18, 2017

William Myers
2181 E. Foothill Blvd., Suite 101
Pasadena, California 91107

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 777493-296158
Right to Sue: Myers / County Of Sutter

Dear William Myers,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 18, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency       GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**       DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc:

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

**BEFORE THE STATE OF CALIFORNIA**

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

| | |
|---|---|
| In the Matter of the Complaint of<br>William Myers, Complainant.<br>2181 E. Foothill Blvd., Suite 101<br>Pasadena, California 91107<br><br>vs.<br><br>County Of Sutter, Respondent.<br>1160 Civic Center Blvd., Suite B<br>Yuba City, California 95993 | DFEH No. 777493-296158 |

Complainant alleges:

1. Respondent **County Of Sutter** is a subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **June 02, 2017**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Retaliation Denied a good faith interactive process, Denied employment, Denied reasonable accommodation, Denied reinstatement, Terminated, .** Complainant believes respondent committed these actions because of their: **Disability, Engagement in Protected Activity, Family Care or Medical Leave, Medical Condition - Including cancer or cancer related medical condition or genetic characteristics** .

3. Complainant **William Myers** resides in the City of **Pasadena**, State of **California**. If complaint includes co-respondents please see below.

**Additional Complaint Details:**

Mr. Myers was employed by the County of Sutter (County) as a Crisis Counselor working at the Sutter-Yuba Mental Health Facility. Mr. Myers developed physical and psychological disabilities as a result of the dangerous and unsafe work environment at the crisis clinic, and the management of the County was and is aware that Mr. Myers suffers from physical and psychological disabilities. The working conditions became increasingly worse and Mr. Myers was constructively discharged on or about February 22, 2016. In or around late July or early August 2016, the County informed Mr. Myers that his leave had been exhausted and requested that Mr. Myers submit an ADA accommodation request form. Mr. Myers submitted an ADA accommodation request form on August 12, 2016, requesting that the County provide him with various accommodations to enable him to return to work. Mr. Myers received no response from the County to his request for accommodations, re-enforcing the constructive termination of Mr. Myers employment. In or around June 2017, the County asserted that Mr. Myers is still employed with the County despite failing to make any efforts to return Mr. Myers to work. As a result of the foregoing, Mr. Myers asserts claims against the County for disability discrimination, failure to provide a reasonable accommodation, and failure to engage in a timely good faith interactive process.

## VERIFICATION

I, **Ben J. Galante**, am the Attorney for Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On June 18, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Pasadena, California**
**Ben J. Galante**

DFEH 902-1

-7-
*Complaint ±DFEH No. 777493-296158*

Date Filed: June 18, 2017



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency　　　　　GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**　　　　　DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

June 18, 2017

Martin John
2181 E. Foothill Blvd., Suite 101
Pasadena, California 91107

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 777493-296159
Right to Sue: John / County Of Sutter

Dear Martin John,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 18, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency        GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**        DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc:

1 | **COMPLAINT OF EMPLOYMENT DISCRIMINATION**

2 | **BEFORE THE STATE OF CALIFORNIA**

3 | **DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**

4 | **Under the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.)**

6 | In the Matter of the Complaint of        DFEH No. 777493-296159
Martin John, Complainant.
7 | 2181 E. Foothill Blvd., Suite 101
Pasadena, California 91107

9 | vs.

10 | County Of Sutter, Respondent.
1160 Civic Center Blvd., Suite B
11 | Yuba City, California 95993

Complainant alleges:

1. Respondent **County Of Sutter** is a subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **June 02, 2017**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Retaliation Denied a good faith interactive process, Denied employment, Denied reasonable accommodation, Denied reinstatement, Terminated,** . Complainant believes respondent committed these actions because of their: **Disability, Engagement in Protected Activity, Family Care or Medical Leave, Medical Condition - Including cancer or cancer related medical condition or genetic characteristics** .

3. Complainant **Martin John** resides in the City of **Pasadena**, State of **California**. If complaint includes co-respondents please see below.

**Additional Complaint Details:**

Mr. John was employed by the County of Sutter (County) as a Crisis Counselor working at the Sutter-Yuba Mental Health Facility. Mr. John developed physical and psychological disabilities as a result of the dangerous and unsafe work environment at the crisis clinic, and the management of the County was and is aware that Mr. John suffers from physical and psychological disabilities. The working conditions became increasingly worse and Mr. John was constructively discharged on or about February 22, 2016. In or around late July or early August 2016, the County informed Mr. John that his leave had been exhausted and requested that Mr. John submit an ADA accommodation request form. Mr. John submitted an ADA accommodation request form on August 12, 2016, requesting that the County provide him with various accommodations to enable him to return to work. Mr. John received no response from the County to his request for accommodations, re-enforcing the constructive termination of Mr. Johns employment. In or around June 2017, the County asserted that Mr. John is still employed with the County despite failing to make any efforts to return Mr. John to work. As a result of the foregoing, Mr. John asserts claims against the County for disability discrimination, failure to provide a reasonable accommodation, and failure to engage in a timely good faith interactive process.

## VERIFICATION

I, **Ben J. Galante**, am the Attorney for Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On June 18, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Pasadena, California**
**Ben J. Galante**

DFEH 902-1

-7-
*Complaint ± DFEH No. 777493-296159*

Date Filed: June 18, 2017